IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL S PITTMAN.,

    Plaintiff,

v.

                                                                          No. 20-cv-403-DHU-JHR

RONALD MARTINEZ, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court on Plaintiff Michael Pittman's *Habeas Corpus Prisoner Civil Rights Complaint*, filed April 27, 2020 (Doc. 1) (the "Complaint"). Plaintiff is a state prisoner. He appears *pro se*. Plaintiff seeks damages and a release from custody based on an allegedly illegal state sentence. For the reasons set forth herein, Plaintiff's claims will be dismissed with prejudice. Plaintiff may file an amended habeas petition to challenge the execution of his sentence under 28 U.S.C. § 2241. He may also commence a separate civil rights action to challenge the conditions of his confinement.

I.    Background.

The following facts are taken from the Complaint, which is comprised of Plaintiff's written allegations and copies of state court documents relevant to his claims. For the limited purpose of his Memorandum Opinion and Order, the Court assumes Plaintiff's allegations are true.

In October 2010, in the Fifth Judicial District Court of New Mexico, Lea County, Plaintiff was convicted of three crimes—a jury found him guilty of voluntary manslaughter and tampering

with evidence, and he pled no contest to a felon in possession of a firearm charge. [1] (Doc. 1 at 18). Post-conviction, the Lea County district attorney filed an "amended supplemental criminal information (habitual offender enhancement)" seeking to enhance Plaintiff's criminal sentence based on two prior offenses: a receiving stolen property conviction from 2007 and a conspiracy to commit armed robbery conviction from 2001. (Doc. 1 at 11-12). The sentencing court enhanced Plaintiff's voluntary manslaughter sentence by four years pursuant to New Mexico's habitual offender statute, and by one year pursuant to New Mexico's firearm enhancement statute. (Doc. 1 at 14). For the tampering with evidence conviction, the court enhanced Plaintiff's sentence by four years pursuant to the habitual offender statute. (Doc. 1 at 15). The court enhanced the felon-in-possession sentence by one year pursuant to the firearm enhancement statute. (Doc. 1 at 15). In total, the court sentenced Plaintiff to nineteen years in the custody of the New Mexico Corrections Department ("NMCD") to be followed by two years on parole. (Doc. 1 at 15). The court ordered that Plaintiff should receive specified pre- and post-sentence confinement credit. (Doc. 1 at 15).

As the Court construes the Complaint, Plaintiff: (1) challenges the validity of his sentence—a claim governed by 28 U.S.C. § 2254; (2) challenges NMCD's execution of his sentence—a claim governed by 28 U.S.C. § 2241; (3) requests damages stemming from the alleged illegality of the sentence, which arises under 42 U.S.C. § 1983; and (4) challenges the conditions of his confinement, which also arises under § 1983 but seeks relief distinct from the habeas and habeas-related claims otherwise raised in the Complaint. (Doc. 1 at 2-5).

Plaintiff's habeas claims are subject to initial review under Habeas Corpus Rule 4, which requires the Court to dismiss a habeas petition if "it plainly appears from the petition and any

---

[1] State of New Mexico Cause no. D-506-CR-2010-00106.

attached exhibits that the petitioner is not entitled to relief[.]"

Plaintiff's civil claims must be screened under 28 U.S.C. § 1915A. Under § 1915A, the Court must dismiss a prisoner civil action *sua sponte* "if the complaint ... is frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b).

II. Discussion.

   A. Plaintiff's Habeas Claims.

      1. § 2254 Claims.

To the extent Petitioner challenges his conviction or sentence on the ground that it is unconstitutional—*i.e.*, that it violates his right to be free from double jeopardy or he was deprived of due process, the claim is governed by 28 U.S.C. § 2254. *See id.* (allowing the federal court to grant habeas relief to a state prisoner who is "in custody in violation of the Constitution or laws . . . of the United States"). Plaintiff has already pursued relief from the at-issue conviction under § 2254 in case no. 16-cv-1171-JAP-SCY.[2] His petition was denied on the merits. *See id.* at doc. 17. Insofar as Plaintiff seeks to assert or reassert "a federal basis for relief from [his] underlying conviction," the request for habeas relief is "second or successive." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). This is a jurisdictional issue.

By statute, Federal District Courts have jurisdiction over a state inmate's first 28 U.S.C. § 2254 petition. *See* 28 U.S.C. § 2254(a); *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). After that, a petitioner must obtain authorization from the Tenth Circuit before filing a successive § 2254 motion in the District Court. *See* 28 U.S.C. § 2244(b)(3) ("Before a … successive [habeas]

---

[2] *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records ... and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

application … is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). The failure to obtain such authorization is a jurisdictional defect barring relief.  *See Cline,* 531 F.3d at 1251 ("A district court does not have jurisdiction to address the merits of a second or successive … § 2254 claim until [the Tenth Circuit] has granted the required authorization.").

Where, as here, an inmate files a successive § 2254 petition without authorization, the Court has two options. The Court may transfer the matter to the Tenth Circuit "if it determines it is in the interests of justice to do so …, or it may dismiss the motion … for lack of jurisdiction." *Cline,* 531 F.3d at 1252.   Factors to consider in evaluating those options include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. A § 2254 petition is typically time-barred unless it is filed within one year after the criminal judgment becomes final.  *See* 28 U.S.C. § 2244 (d). The one-year period can be extended where the state impedes the federal filing, the Supreme Court recognizes a new right, or the factual predicate of the claim could not have been discovered through due diligence.  *Id.*

Considering these factors, a transfer is not in the interest of justice. Plaintiff filed this Complaint approximately eight years after the state court entered the at-issue judgment and sentence. Even accounting for time spent on direct appeal and in state habeas proceedings, the claims are time-barred. The present claim for relief is not based on any new Supreme Court law or newly discovered evidence. All of the allegations are all based on defects that occurred at trial or during sentencing—*i.e*, prior to the first § 2254 petition, which was denied on the merits. There was no alleged, or apparent state-caused impediment to Plaintiff's request for relief. Further, the

lack of jurisdiction was clear at the time of filing, as this is Plaintiff's second § 2254 proceeding.

For these reasons, the Court declines to transfer the Fourth Petition to the Tenth Circuit and will instead dismiss this matter for lack of jurisdiction. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the absence of jurisdiction is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong").

    2. § 2241 Claims.

U.S.C. § 2241 is the means by which state prisoners may collaterally attack the execution of their sentences in federal court. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000); *Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005); ("[A] challenge to the execution of a sentence should be brought [as a habeas petition] under 28 U.S.C. § 2241."). Plaintiff alleges that NMCD misinterpreted the state court's final judgment and sentence, thereby causing him to be confined up to twenty-two months longer than ordered by the state court. (Doc. 1 at 3, 5). The Court construes these allegations as challenging NMCD's execution of his sentence. To the extent Plaintiff wishes to prevail upon NMCD to correct its alleged errors in calculating the duration of his confinement, he should pursue relief under § 2241. Plaintiff is advised that § 2241 relief is available only to petitioners who have exhausted their state court remedies. The Court will dismiss Plaintiff's § 2241 claims without prejudice and mail Plaintiff a blank § 2241 petition which he may use to amend his request for relief in this habeas action.

  B. Plaintiff's § 1983 Claims.

    1. Eighth Amendment Claim.

Plaintiff claims that his allegedly unlawful sentence is violative of his Eighth Amendment right to be free from cruel and unusual punishment. He seeks compensatory and punitive damages. Based on the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994), this claim is not viable. In *Heck*, the court held:

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal ... or called into question by a federal court's issuance of a writ of habeas corpus[.]

*Id.* at 486-87. Clearly, a judgment in Plaintiff's favor on this Eighth Amendment claim would imply the invalidity of his sentence. Pursuant to *Heck*, the claim must be dismissed with prejudice.

2. Conditions of Confinement Claim.

The Complaint appears to seek to state a claim based on the conditions of Plaintiff's confinement. As the Tenth Circuit has explained, a habeas corpus proceeding "attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action ... attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions." *Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir.1993). Based on the one-sentence allegation of the Complaint whereby Plaintiff "contest[s] the conditions [of] confinement," the Court is unable to discern the particulars of this claim. Nevertheless, to the extent Plaintiff wishes to pursue state a claim against Defendants based on the conditions of his confinement, the claim bears no relationship to the habeas claims and the Eighth Amendment, habeas-related claims comprising this Complaint. Because an inmate cannot challenge prison conditions in a habeas action, *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997), this claim will be dismissed without prejudice.  The Court will mail

Plaintiff a blank Prisoner Civil Rights complaint which he may use to pursue relief in a separate civil action.

**IT IS ORDERED:**

(1) Each of the claims set forth in the Complaint (Doc. 1) are DISMISSED without prejudice.

(2) The Clerk's office should mail Plaintiff a blank Prisoner Civil Rights Complaint form and a blank § 2241 Petition.

_____
UNITED STATES DISTRICT JUDGE